UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAMERON WALBORN,

                 Plaintiff,

v.

CVS ALBANY LLC,

                 Defendant.

**DECISION AND ORDER**

6:23-CV-06173 EAW

---

## INTRODUCTION

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA"), Defendant CVS Albany LLC ("Defendant") moves for confirmation of an arbitration award dismissing all claims brought by plaintiff Cameron Walborn ("Plaintiff") in connection with employment-related disputes arising out of Plaintiff's employment with Defendant and to dismiss this action with prejudice. (Dkt. 19). For the reasons set forth below, the Court grants Defendant's motion.

## BACKGROUND

Plaintiff commenced this action on February 17, 2023, in the Supreme Court of the State of New York, County of Chemung, arising from his employment as a former Store Manager in Training at Defendant's Watkins Glen Store. (Dkt. 1-1 at 3-8). Specifically, Plaintiff alleges that Defendant defamed him and engaged in a conspiracy against him to terminate his employment. (*Id.*).

On March 23, 2023, Defendant removed the matter to this Court on the basis of diversity of citizenship of the parties. (Dkt. 1). On April 28, 2023, Defendant filed a

motion to dismiss or in the alternative, to stay and compel arbitration.  (Dkt. 6).  The motion to compel arbitration arose from a written employment arbitration agreement entered into by the parties on January 12, 2022, pursuant to which they agreed to arbitrate all employment-related disputes arising from Plaintiff's employment.  (Dkt. 7).  Plaintiff did not oppose arbitration and on August 17, 2023, the Court stayed the litigation pending arbitration and directed the parties to report on the outcome of arbitration within 30 days of any decision.  (Dkt. 11).

On September 3, 2024, Plaintiff filed a demand for arbitration with the American Arbitration Association ("AAA").  In a November 24, 2025 status update, Defendant informed the Court that on June 6, 2025, the arbitrator granted Defendant's motion to dismiss the arbitration demand with prejudice.  (Dkt. 17).  On December 1, 2025, the Court entered a Text Order noting that despite the arbitrator's final decision to dismiss the arbitration, this federal action remained pending.  (Dkt. 18).  It directed Defendant to file an appropriate motion on or before December 30, 2025, addressing the federal action and to include a copy of the arbitrator's written opinion dismissing Plaintiff's arbitration demand in support of such motion.  (*Id.*).  Plaintiff was directed to respond to the motion or before January 30, 2026.  (*Id.*).

On December 30, 2025, Defendant filed the instant motion to confirm the arbitration award and dismiss the case with prejudice.  (Dkt. 19).  Defendant provided the written arbitration award issued by arbitrator William L. Kandel, Esq. (Dkt. 19-2 at 23-29), as directed.  Plaintiff did not file any opposition.

**DISCUSSION**

"The FAA provides a 'streamlined' process for a party seeking a 'judicial decree confirming an award, an order vacating it, or an order modifying or correcting it.'" *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citation modified). "Courts . . . play only a limited role when asked to review the decision of an arbitrator, and only a very narrow set of circumstances delineated by statute and case law permit vacatur." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007) (citation modified); *Subway Int'l B.V. v. Subway Russia Franchising Co., LLC*, No. 24-1702, 2025 WL 1363870, at *1 (2d Cir. May 12, 2025) (noting "the strong deference appropriately due arbitral awards and the arbitral process").

Defendant has demonstrated that confirmation of the arbitration award is warranted in this case. Defendant has adequately demonstrated that subject matter jurisdiction exists, because there is diversity of citizenship and the amount in controversy exceeds $75,000. (Dkt. 1 at ¶¶ 6-16); *see Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) ("The FAA does not independently confer subject matter jurisdiction on the federal courts. There must be an independent basis of jurisdiction before a district court may entertain petitions to confirm or vacate an award under the FAA." (quotations, citations, and alteration omitted)).

In addition, Defendant has demonstrated that this Court is a proper venue for the petition to confirm the arbitration award. In their arbitration agreement, the parties agreed that "[j]udgment may be entered on the arbitrator's decision and enforced in any court having jurisdiction." (Dkt. 7 at ¶ 4(c)); *see Idea Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 181 (2d Cir. 2010). Likewise, Plaintiff has not opposed the instant motion. *Trustees of the Dist. Council Painting Indus. Ins. Fund v. Icon Constr. Grp.* No. 25 CIV. 2357 (JPC), 2026 WL 989399, at *2 (S.D.N.Y. Apr. 13, 2026) ("An unanswered petition to confirm an arbitration award is generally treated as an unopposed motion for summary judgment."). On these facts, the Court concludes that Plaintiff consented to judicial confirmation of the arbitration award.

Finally, the arbitration award has not been vacated, modified, or corrected, and the time to do so has expired. *See Malato v. DigitalOcean LLC*, No. 25 CIV. 2319 (KPF), 2026 WL 686004, at *9 (S.D.N.Y. Mar. 11, 2026) ("The FAA requires that any motion to vacate an arbitral award must be served . . . within three months after the award is filed or delivered. A party may not raise a motion to vacate, modify, or correct an arbitration award after the three[-]month period has run, even when raised as a defense to a motion to confirm." (citation modified)). Nor is there any other apparent basis for the Court not to confirm it. The Court will accordingly confirm the arbitration award.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to confirm the arbitration award. (Dkt. 19). Specifically, the Court confirms the arbitration award rendered on June 6, 2025, in the arbitration entitled *Cameron Walborn v. CVS Albany*,

AAA Case No. 01-24-0007-5777.  The Clerk of Court is directed to enter judgment and

close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        April 21, 2026
              Rochester, New York

- 5 -